## THE STATE v. RUSSELL.

A formal averment in an indictment that it was found by the authority of the State, is not essential to its validity. It is a sufficient compliance with the 69th art. of the constitution, that the prosecution appear to be conducted in the name of the State.

A PPEAL from the First District Court of New Orleans, *McHenry*, J. The indictment on which this prosecution was founded commences as follows:

" The State of Louisiana,

" First Judicial District, ss.

" Parish of Orleans, First District Court of New Orleans: The grand-jurors of the State of Louisiana, duly empannelled and sworn in and for the body of the parish of Orleans, upon their oath present, that one *Edward Russell*," &c. It concludes: " contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same,"

*Elmore*, Attorney General, for the State, contended that the indictment was framed as required by the constitution, citing *State* v. *Anthony*, 1 McCord, 285. *Allen* v. *Commonwealth*, 2 Bibb. 210. Wharton's Am. Crim. Law, pp. 64, 65, 103, 104. 5 Pike, 445. 1 Walker Miss. Rep. 392.

*Larue* and *Bryce*, for the appellant, cited the Const. arts, 69, 117. Journal of Convention of 1845, pp. 297, 331, 348.

The judgment of the court was pronounced by

KING, J. The defendant, *Edward Russell*, was convicted of manslaughter upon an indictment charging him with murder, and he moved for an arrest of judgment on two grounds: 1st. That the indictment does not aver, with sufficient certainty, that the deceased died of the mortal blows charged to have been given by the accused. 2dly. That the indictment does not purport in its margin, or in the body, to be carried on "in the name and by the authority of the State of Louisiana," and does not conclude "against the peace and dignity of the same." This motion was overruled and sentence pronounced, and the accused has appealed.

The clause of the indictment in which it is contended that the first of the alleged errors exists, is in the following words, viz.: " of which mortal strokes, blows, wounds and bruises, given as aforesaid, the said *Margaret Russell*, then and there did suffer and languish, and languishing did live, *and* on the seventeenth day of said month of June, in the year of our Lord one thousand eight hundred and forty-six, in the parish of Orleans aforesaid, of said mortal wounds did die." It is contended that there is a period at the word *live*, and that what follows, beginning with the words, " and on the seventeenth," &c., is a separate sentence, disconnected from the preceding averments of the mortal blows dealt, and that there is consequently no averment that the deceased died of the mortal wounds alleged to to have been given by the accused.

An inspection of the original instrument has satisfied us that the sentence is unbroken by a period, and that the objection is based upon peculiarities of the hand-writing of the framer of the indictment. The point used at the word *live*, resembles somewhat a period, but by comparing it with the punctuation of the remainder of the instrument, it is evident that a comma is the point used. That it was not the intention of the framer to use a full stop is further apparent, from the fact that the point used is not followed by a capital letter, and that the sense of the sentence, and its grammatical construction, require that it be unbroken by a period.

The second ground we deem to be equally untenable. The expressions, which it is contended should be used in the indictment, occur in the constitutions of several States of the Union, and the point now presented has been so frequently decided in those States that it can scarcely be considered an open question. It has been repeatedly held to be a sufficient compliance with the constitutional requisition, that the prosecution should appear to be conducted in the name of the State, and that a formal averment that it was found by the authority of the State, was not essential to the validity of the indictment. 5 Howard's Miss. Rep. 36. *State* v. *Johnson*, Walker's Miss. Rep. 392. *Allen* v. *Commonwelth*, 2 Bibb's Rep. 210. 1 McCord, 285.

In the case of *The State* v. *Calvin Moore* (8 Rob. 518), decided by the late Court of Errors and Appeals in Criminal Cases, these words were neither directly nor impliedly held to be essential to the validity of an indictment. The language of the instrument was merely quoted, from which it appeared that it

STATE
*v.*
RUSSELL.

contained the expressions which the defendant intended were required by the constitution, and consequently that the objection urged was without foundation; but there was no intimation of an opinion that their absence would have been fatal.                                                                    *Judgment affirmed.*