## HUGHES v. ABSTON.

### (Jackson.   June   14,   1900.)

1. MORTGAGES AND DEEDS OF TRUST.   *Liability for conversion of mortgaged property.*

    A commission merchant who sells for another chattels that are incumbered by a valid registered mortgage, is liable to the mortgagee for their value, although he may have paid over their proceeds before suit.   (*Post, pp. 71, 72.*)

2. SAME.   *Of another State.*

    And a valid mortgage of chattels situated in another State, which was made and registered in that State, will, in the absence of some settled rule of public policy forbidding it, be enforced by the Courts of this State when the mortgaged property comes within their jurisdiction, to the same extent as a domestic mortgage.   (*Post, p. 72.*)

    Case cited: Bank v. Hill, Fontaine & Co., 99 Tenn., 45.

3. SAME.   *Description of property in foreign mortgage.*

    If the description of property in a foreign mortgage is sufficient under the laws of the State where it was made and registered and where the property is situated, it will be held sufficient in this State, although it might be inadequate in a domestic mortgage.   (*Post, pp. 72, 73.*)

4. SAME.   *Same.   Example.*

    For example, a mortgage made in Arkansas, describing the property as "my entire interest in crop of corn, fodder, oats, cotton, cotton seed, to be grown by me this present year 1899," situated in a certain county of said State, is valid under the laws of that State, and will therefore be sustained in this State, though the description is perhaps insufficient under our decisions for a domestic mortgage.   (*Post, pp 72, 73.*)

Hughes *v.* Abston.

Cases cited: McGavock *v.* Deery, 1 Cold., 265; Thurman *v.* Jenkins, 2 Bax., 429.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. F. H. HEISKELL, Ch.

SHEPHERD & MYERS for Hughes.

PIERSON & EWING for Abston.

WILKES, J. This is an action by complainants, claiming under a chattel mortgage executed and registered in Arkansas, to hold the defendant liable for the proceeds of five bales of cotton upon which the mortgage rested, and which were sold by the defendant, a commission merchant or cotton factor in Memphis.

The bill was demurred to on two grounds—one that it is not alleged that the defendant still has the proceeds of the cotton in his hands, and has not in good faith paid them over to the person for whom he made the sale, and, second, that the mortgage is invalid because the property purported to be conveyed is not sufficiently described in the mortgage.

The Court overruled the demurrer, and the defendant has appealed and assigned as error the action of the Court in overruling the demurrer.

We are of opinion the first ground of demurrer is not well taken. It is immaterial, if the defendant converted the cotton and received the proceeds, what he did with these proceeds. The important question is, whether it can be treated as a conversion, and this depends upon the effect of the mortgage made in Arkansas upon cotton shipped to · Tennessee, after it reaches the State of Tennessee.

The question is, we think, answered by the case of *Bank* v. *Hill, Fontain & Co.,* 15 Pickle, 45, in which it was said that a sale or chattel mortgage of personal property, good according to the law of another State, will be regarded and enforced by the Courts of a foreign State, where the property is subsequently brought, unless it be contrary to some settled public policy, declared by statute or otherwise, and the rights of such a vendee or mortgagee will be protected against purchasers, as . well as attaching and execution creditors, citing quite a number of cases. See, also, the language of the Court on page 46.

The remaining question is whether the description of the chattel mortgage is sufficient.

It is described as "my entire interest in crop of corn, fodder, oats, cotton, cotton seed to be grown by me this present year, 1899," and the property is further referred to as being in Crittenden County, Arkansas.

Unquestionably this is a very vague description,

and such a mortgage, under our laws, would not, perhaps, hold good, inasmuch as the land is not specified upon which the crops are to be raised. *McGavock* v. *Deery,* 1 Cold., 265; *Thurman* v. *Jenkins,* 2 Bax., 429. And this rule is probably in accord with the weight of authority.

It appears, however, that such a description in a mortgage executed in Arkansas is sufficient.

In *Johnson* v. *Grizzard,* 51 Ark., 410 (same case, 3 L. R. A., 795), it is said: "A mortgage of all my crop of cotton, corn, or other produce that I may raise, or in which I may in any manner have an interest for the year 1884, in Faulkner County, Arkansas, is not void as to third persons for uncertainty. This description could be made certain by extrinsic evidence, and the record of the mortgage gives constructive notice."

In *Henderson* v. *Gates,* 52 Ark., 371, a description as "all my entire crops of cotton and corn, to be raised by me the present year or contracted by me," was held sufficient. See, also, *Loftin* v. *Hines,* 10 L. R. A., 491, note; Jones on Chattel Mortgages, Secs. 53, 54, 56.

We are of opinion, therefore, that the decree of the Chancellor overruling the demurrer is correct, and his decree is affirmed, with costs, and the cause is remanded for answer and further proceedings.