Snyder v. Yates.

MARTIN SNYDER, *Trustee, v.* J. C. YATES *et al.*

(*Nashville.* December Term, 1903.)

1. **REGISTRATION.** Of chattel mortgage acknowledged before a justice of the peace in another State and there recorded is not entitled to registration here.

A chattel mortgage acknowledged before a justice of the peace in another. State, where it was executed and duly recorded and so duly certified to be recorded, is not entitled to registration in this State, upon the removal of the mortgaged property into this State so as to affect creditors of the mortgageor with constructive notice. (*Post, pp.* 311-312, 316-319.)

Case cited and approved: Lally v. Holland, 1 Swan, 401.

2. **SAME.** Of a chattel mortgage in another State does not defeat lien of mortgageor's attaching creditors here; comity not applicable.

A chattel mortgage executed and recorded in another State embracing property there but afterwards removed to this State, without proper registration here, will not give the mortgagee priority over the lien of resident attaching creditors of the mortgageor. The doctrine of comity will not give nonresidents priority over the liens of residents. (*Post, pp.* 313-319.)

Cases cited and approved: Lally v. Holland, 1 Swan, 401; Harrison v. Sterry, 5 Cranch, 209; Le Prince v. Guillemot, 1 Rich. Eq., 213; Wrecking Co. v. Katie, 3 Woods, 186; Donald v. Hewitt, 33 Ala., 545; Crowell v. Skipper, 6 Fla., 583; Lee v. Creditors, 2 La. Ann., 604; Corbett v. Littlefield, 84 Mich., 35; Saunders v. Williams, 5 N. H., 215.

Cases cited and distinguished: Eaves v. Gillespie, 1 Swan, 128; Bank v. Hill, 99 Tenn., 42; Hughes v. Abston, 105 Tenn., 70.

Snyder v. Yates.

3. **SAME.** Creditors are affected only by constructive notice of registration, while purchasers are affected by actual notice.

A chattel mortgage is good between the parties without registration, the only purpose of which is to effectuate notice to third persons. The only notice that can bar a creditor is the constructive notice which the statute causes to flow from a proper registration, or noting for registration, although a purchaser may be barred by actual notice. The doctrine of comity cannot give effect to foreign registration laws. (*Post, pp.* 314-315.)

4. **STATUTES.** Have no extraterritorial force beyond State, except by comity and laws of other States.

The statute laws of a State have of themselves no extraterritorial force, and whatever effect they have in foreign States they have by virtue of the laws of such States or under the doctrine of the comity of States. (*Post, p.* 312.)

FROM HICKMAN.

Appeal from the Chancery Court of Hickman County. —J. W. STOUT, Chancellor.

W. B. LEECH, for complainant.

J. A. BATES, for defendants.

MR. JUSTICE WILKES delivered the opinion of the Court.

This case presents a contest between a mortgagee and attaching creditors of one Meixsell with respect to cer-

tain mules and sawmill machinery. The attaching cred-
itors established their right to priority before the chan-
cellor, and his decree has been affirmed by the court of
chancery appeals.

. The facts found by the court of chancery appeals, so
far as necessary to be stated, are that Meixsell executed
a chattel mortgage to Snyder upon the mules and ma-
chinery in question. It was acknowledged before Strick-
lin, a justice of the peace of Saline county, Illinois, and
was recorded by John B. Lee in volume 5 of chattel
mortgages of said county. John B. Lee, in his certifi-
cate, recites that he is clerk of the circuit court and *ex
officio* recorder for said county and State, and that the
mortgage was duly recorded. It was afterwards re-
corded without any further probate or certificate in the
register's office of Hickman county, Tennessee, to which
place the mortgagor brought the property after the
mortgage had been registered in Illinois, and where he
engaged in the stave manufacturing business. The
mules and machinery were levied upon by attachments
and executions at the instance of local creditors of
Meixsell after the registration of the instrument in
Hickman county. An original bill was then filed en-
joining further proceedings by the creditors, and it was
amended so as to make it a replevin suit under which
plaintiff retained possession of the property, giving
bond. It was afterward sold, and it is agreed that the
proceeds are sufficient to satisfy the claims of the cred-

itors if they are entitled to recover as against the trustee.

The sole question presented to this court is whether the complainant's rights under these mortgages are superior to those of the attaching or levying creditors. All other questions are eliminated.

The rights of the complainant depend entirely upon the validity and effect of the mortgage executed in Illinois and its registration in that State. Without passing upon the sufficiency of the pleadings in this case, we are of opinion that complainant is not entitled to priority over the attaching creditors. The subject of the probate of instruments and their registration, and the effect of such registration as to third persons, is governed purely by local statutes, and is a matter entirely unknown to the common law. The statute laws of a State have of themselves no extraterritorial force, and whatever effect they have in foreign States they have by virtue of the laws of such State, or under the doctrine of the comity of States.

The court of chancery appeals rightly held that the statutes of Tennessee do not provide for the registration in this State of the mortgage in question, and that its registration could not operate as notice to the creditors of the mortgagor.

This leaves the complainant to stand alone upon the doctrine of comity. This is the doctrine under which contracts made, rights acquired, and obligations incurred in one country and in accordance with its laws

are recognized and enforced by the courts of another country.

In *Harrison* v. *Sterry,* 5 Cranch, 299, 3 L. Ed., 104, it is said by the court, speaking through Chief Justice Marshall: "The law of a place where a contract is made is, generally speaking, the law of the contract; that is, it is the law by which the contract is to be expounded. But the right of priority forms no part of the contract itself. It is extrinsic, and is rather a personal privilege, dependent on the law of the place where the property lies, and where the court sits which is to decide the case."

That was a case of bankruptcy involving property belonging to a firm residing in England, upon which the United States, as a creditor, claimed priority under the rule of comity as against British creditors claiming under a trust assignment in the nature of a mortgage made in England upon a cargo of the ship Semiramis, and certain debts owing by parties in South Carolina, and the claim of priority of the United States was sustained.

This distinction has been recognized and enforced in many cases, and is well settled.

In *Le Prince* v. *Guillemot,* 1 Rich. Eq., 213, it was held that a marriage settlement constituting a lien in France was valid here, but that such lien gave no priority over American creditors.

In *Underwriters Wrecking Co.* v. *The Katie,* 3 Woods, 186, Fed. Cas. No. 14,342, the mortgage on the vessel in

the home port was given priority over previous liens acquired in a foreign jurisdiction.

In *Donald* v. *Hewitt,* 33 Ala., 545, 73 Am. Dec., 431, a lien of a local attaching creditor was preferred to a previous mortgage lien in another State.

In *Crowell* v. *Skipper,* 6 Fla., 583, it was held that, although a contract is to be construed according to the *lex loci contractus,* the property rights under it are subject to the regulations of the country into which the property affected may be brought.

In *Lee* v. *Creditors,* 2 La. Ann., 604, a foreign lienholder was held to have acquired no priority in local insolvency proceedings.

In *Corbett* v. *Littlefield,* 84 Mich., 35, 47 N. W., 581, 11 L. R. A., 95, 22 Am. St. Rep., 684, a subsequent attaching creditor was given priority over a prior chattel mortgage.

In *Saunders* v. *Williams,* 5 N. H., 215, a subsequent attachment was given priority over a previous assignment in insolvency.

The same doctrine has been held in a large number of cases, and we think that it is a better doctrine and not in conflict with any of our adjudications, and not passed on in any of them because not involved, but is in perfect harmony with our statutes and policy on the subject of registration. There are decisions, however, holding a contrary doctrine.

Under our statutes a chattel mortgage is equally

good between the parties whether registered or not. The sole purpose and effect of registration is to effectuate notice of it to third persons. The only constructive notice which can bar a creditor is that which the statute causes to flow from a proper registration or noting, although a purchaser may be barred by actual notice. This is the effect of our statutes in respect to chattel mortgages executed within our State, and foreign statutes and the doctrine of comity cannot give any greater or more enlarged effect.

A chattel mortgage executed in another State will be expounded and enforced by the laws of this State upon proper averments and proof of the laws of the State where made, just as if it had been made here; but a different doctrine applies where it is attempted to go further, and affect third persons, especially the creditors of the mortgagor, with constructive legal notice of the mortgagee's rights.

When parties to a foreign contract are impleaded in the courts of this State, this court will expound and enforce the contract according to the laws of the country where it was made, if such laws are properly pleaded and proven; but it will not, in a question of priority, set aside its own statutes and rules to the prejudice of its own citizens.

We are satisfied that the court of chancery appeals has reached the correct result, and its decree is affirmed.

ON REHEARING.

MR. JUSTICE WILKES delivered the opinion of the Court.

Upon petition to rehear it is strongly urged that the holding in this case is opposed to previous adjudications of this court; and we are cited to the cases of *Eaves* v. *Gillespie*, 1 Swan, 128; *Lally* v. *Holland*, Id., 401; *Bank* v. *Hill*, *Fontaine & Co.*, 99 Tenn., 42, 41 S. W., 349; *Hughes* v. *Abston*, 105 Tenn., 70, 58 S. W., 296—as holding the contrary doctrine.

The case of *Eaves* v. *Gillespie*, 1 Swan, 128, is not at all in point. It has simply held in that case that a parol gift of a slave in a State that has no statute requiring such gift to be by deed, a writing will have the effect to transfer the legal title to the donee. In that case the gift of the slave was made in South Carolina, and delivery was also made there, and title vested by the *lex loci* before the slave was removed to Tennessee. This being so, the fact that gifts of slaves were required in Tennessee to be evidenced by deed or writing could not divest or disturb that title which already vested. But the proof in that case did not show that the gift, being to a married woman, was to her sole and separate use, and the husband was entitled to the slave, *jure mariti*, and, having sold her to an innocent purchaser with no notice of the separate estate, the court refused to execute any implied or secret trust in favor of the wife as against such purchaser. The case in no sense involved the effect of our registration laws.

In the case of *Lally* v. *Holland* there was a defective registration of a deed, and the court held that it would not be constructive notice, and, there being no actual notice, a *bona fide* innocent purchaser would take the property free from any claim under an instrument with the defective registration. This is really an authority for the view laid down in the original opinion. In *Bank* v. *Hill, Fontaine & Co.,* 99 Tenn., 42 *et seq.,* 41 S. W., 349, cotton was covered by a trust deed made in Arkansas. It was shipped to Memphis, and sold to Hill, Fontaine & Co. in payment of a pre-existing debt for advancements made upon an agreement to ship the cotton to Hill, Fontaine & Co. The Arkansas deed of trust was not registered in Tennessee, and Hill, Fontaine & Co. had no actual notice of it. It was held that a chattel mortgage good in a foreign State would be upheld and enforced in this State when the property was subsequently brought into this State, and the rights of such vendee or mortgagee will be protected against purchasers as well as attaching and execution creditors; citing quite a number of cases.

But this protection to purchasers and creditors will be given only when it is not contrary to some settled public policy declared by statute or otherwise, or, as stated on page 46: "A party who obtains a good title to movable property absolute or qualified by the laws of another State, when it is there located, will be entitled to maintain and enforce it in the foreign forum against both creditors and purchasers acquiring rights subse-

quent to its removal, subject alone to the qualification or limitation that there is no statute a public policy contrary thereto." But it was held that Hill, Fontaine & Co. could not hold the proceeds of the cotton sold by them, first, because they claimed to hold it for an antecedent debt; and, second, because they had sufficient information to put them on inquiry which would have disclosed to them the prior rights of the Arkansas parties. They could not, therefore, be classed as innocent purchasers, and entitled to protection as such.

The case of *Hughes* v. *Abston,* 105 Tenn., 70, 58 S. W., 296, simply approves and follows the case of *Bank* v. *Hill, Fontaine et al.,* and limits the rule as is done in the latter case to instances when the result would not be contrary to sound public policy, declared by statute or otherwise.

That was a case simply when a factor had sold cotton covered by a foreign mortgage, and it did not appear whether the factor still held the proceeds or had paid them over to the mortgagor. There were no rights of creditors or purchasers involved, but simply a question whether the proceeds should be held as those of the mortgagor.

While the language used in these cases is somewhat broad in defining the rights of purchasers and creditors, yet when limited to cases when sound public policy is contravened, and where no statutes are involved, they are in no way applied to the present view, which we con-

Snyder, v. Yates.

sider the rule most in accord with sound public policy and the spirit and object of our registration laws.

Counsel has cited quite a number of cases holding a doctrine different to this, but, as before stated, we think this the better doctrine, and not applied to our previous adjudications when properly applied and limited.

The petition to rehear is dismissed.