## J. T. FARGASON Co. *v.* BALL *et al.*

### (*Jackson.*    April Term, 1913.)

1. **FACTORS.** "Conversion" by factor.   Assertion of ownership.

Though as a general rule any assertion of dominion over the personal property of another against his will is a conversion, and the defendant cannot justify by showing that he had no notice of complainant's rights, yet, where a cotton factor received cotton for sale in good faith, and paid over the proceeds to the person purporting to be the true owner before notice of the owner's rights, and had neither property nor proceeds in his possession when demand was made by the owner, he could not be said to have knowingly or conscientiously asserted any claim to the property or its proceeds against the owner, and there was consequently no "conversion."   (*Post, p.* 139.)

Cases cited and approved:   Taylor v. Pope, 45 Tenn., 413; Frizzell v. Rundle, 88 Tenn., 396; Bank v. Hill, Fontaine & Co., 99 Tenn., 42; Embry v. Galbreath, 110 Tenn., 297; Hughes v. Alston, 105 Tenn., 70.

Cases cited and disapproved:   Roach v. Turk, 56 Tenn., 708.

2. **COURTS.**   Previous decisions.

It is almost as important that the law should be certain as that it should be sound; hence, though sometimes the duty is imperative to overrule a former decision, the power should be sparingly exercised.   (*Post, pp.* 141, 142.)

3. **CHATTEL MORTGAGES.**   Foreign mortgage.

Though a mortgagee of property under a foreign mortgage, duly recorded and valid in the foreign jurisdiction, can recover the property from a purchaser without knowlege in this State, yet, where cotton covered by a mortgage duly recorded in a foreign State was consigned, without the knowledge or consent of the mortgagee, to a cotton factor in this State, the mortgagee

could not recover from the factor, after he had in good faith sold the property and turned over the proceeds to his principal, since the contest was not over the property or proceeds. (*Post*, *p.* 142.)

Case cited and approved:   Frizzel v. Rundle, 88 Tenn., 413.

Case cited and disapproved:   Newsum v. Hoffman, 124 Tenn., 369.

---

### FROM SHELBY.

---

Appeal from Chancery Court, Shelby County.—F. H. HEISKELL, Chancellor.

W. P. ARMSTRONG, ST. JOHN WADDELL, and PERCY & HUGHES, for appellant.

PERCY FINLAY, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The bill in the present case was brought to recover the value of seventy bales of cotton alleged to have been wrongfully converted by the defendants. The defense interposed was that W. M. Ball & Co. were cotton factors in the city of Memphis, that the cotton was shipped to them by one W. H. Barnes in his own name, was received by them in the regular course of their business for sale, was sold by them in the usual way, and the proceeds paid over in good faith to Barnes, their principal, all before they had any notice of complainant's interest in the cotton. The evidence established

the facts so relied on, unless the defense of the want of notice be disproved by the fact that the rights of complainant were represented by a mortgage made by the owner of the cotton, in the State of Arkansas, and recorded there, in the county where it was at the time the mortgage was made, and that the mortgagor, Lavesque Mercantile Company, sold and delivered the seventy bales in question to Barnes, in the State of Arkansas, in violation of complainant's rights under the mortgage, and Barnes was thus enabled to ship the cotton to Memphis in his own name and have it sold in the manner already stated.

The chancellor dismissed the bill, and the complainant has appealed.

The general rule of the common law is that any assertion of dominion over the personal property of another, against his will, is a conversion, for which the wrongdoer may be held liable; and it seems that the defendant cannot justify by showing he had at the time no notice of the complainant's rights. Under this rule the defendants, in *Taylor v. Pope*, 5 Cold., 413, were held liable, in which case the facts raised substantially the same question we now have before us. But in the later case of *Roach v. Turk*, 9 Heisk., 708, 24 Am. Rep., 360, the case of *Taylor v. Pope* was carefully reexamined and was overruled. The principle laid down, or distinction taken, in *Roach v. Turk*, was that, where an agent receives property from his principal for sale, and sells it, and accounts to his principal for it, in good faith, it must appear, before liability can be fas-

tened on him, that there was by him the assertion of
a dominion adverse to that of the true owner after no-
tice of such true owner's rights.   It was held that in-
asmuch as the defendants therein, who were cotton
factors, had sold the cotton, and had paid over the pro-
ceeds to the person purporting to be the true owner,
from whom they had received it for sale, in good faith,
before they had notice of plaintiff's rights, and so had
neither the property nor its proceeds in their hands
when plaintiff made demand on them, they could not
be said to have knowingly or consciously asserted any
claim to the property or its proceeds against the plain-
tiff.   So it was said there was no conversion in law.
This case was followed in the subsequent cases of
*Frizzell* v. *Rundle*, 88 Tenn. (4 Pickle), 396, 12 S. W.,
918, 17 Am. St. Rep., 908, *Bank* v. *Hill, Fontaine &
Company*, 99 Tenn. (15 Pickle), 42, 41 S. W., 349, and
*Embry* v. *Galbreath*, 110 Tenn. (2 Cates), 297, 75 S.
W. 1016.   But there was an intermediate decision,
*Hughes* v. *Abston*, 105 Tenn. (21 Pickle), 70, 58 S. W.,
296, which, it is supposed, in effect overruled *Roach*
v. *Turk*, since, although that case was not cited, nor
apparently in the mind of the court, the result reached,
in disposing of the first ground of demurrer therein
considered, could not have been attained if the prin-
ciple laid down in *Roach* v. *Turk* had been recognized
as authoritative.   The complainants rely on *Hughes* v.
*Abston* and *Taylor* v. *Pope,* treating the latter case
as revived and rehabilitated as an authority by the
former.   They also rely upon the common law authori-

Fargason v. Ball.

ties supporting those two cases, and many authorities from our sister States. The defendants rely upon *Roach* v. *Turk* and the cases based thereon.

In view of the very careful and elaborate consideration of the question in *Roach* v. *Turk*, and the solemn determination in that case that *Taylor* v. *Pope* should be overruled, the obvious hardship of holding a mere agent, who had in good faith received property from and returned it or its proceeds to his principal, guilty of denying a right of which he had never heard, or of which he had never had any legal notice, and it not being shown that he was guilty of any negligence in not acquiring knowledge, and in view of the fact that *Roach* v. *Turk* had been regarded as law for nearly thirty years when *Hughes* v. *Abston* was decided, and had been recognized in two published opinions, and the fact that the great line of business to which it applies had been in this State long adjusted to it—we say, in view of all of these considerations, we should be unwilling, at this late day, to formally overrule that case, or to dissent from its doctrine, even if we were of the opinion that it was erroneously decided. It is almost as important that the law should be certain as that it should be sound. The rule of *stare decisis* is one of commanding importance, giving, as it does, firmness and stability to principles of law evidenced by judicial decisions, and so enabling the people to safely judge of their legal rights. Differentiations, distinctions, limitations, and advances must from time to time be made, it is true, in order to keep the law in

harmony with the common sense, common conscience, and the common sense of justice of each succeeding age which it serves; but these should be so gradual that the new truly grows out of the old, as the product of a changing environment, being but the adaptation of old principles to new facts, and thus causing little, if any, shock to existing rights. Radical changes should be made by legislation only. Sometimes the duty of overruling a former decision is imperative, but the power should be sparingly exercised.

Complainant insists that defendants had notice of its rights, because of the recordation of the mortgage in Arkansas, citing *Newsum* v. *Hoffman,* 124 Tenn., 369, 137 S. W., 490. In that case it was held that by comity a foreign mortgage, duly recorded in the foreign jurisdiction and valid there, would, on removal of the property to this State without the consent of the mortgagee, protect the rights of such mortgagee here, as against one who purchased the property in Tennessee without knowledge of such foreign mortgage. The analogy would be complete if defendants were in possession of the property at the time complainant made demand therefor, or if they were in possession of its proceeds. On such a state of facts there is no doubt the complainant would have the right to recover. But the contest here is not over the property or its proceeds. The case cited, therefore, does not apply. *Frizzell* v. *Rundle,* supra.

The result is the chancellor committed no error in dismissing the bill, and his decree must be affirmed, with costs.