## LOUISVILLE & N. R. Co. *v.* McKAY & MORGAN.

### (*Nashville.*   December Term, 1915.)

**1.   CARRIERS.   Carriage of goods.   Bill of lading.   Delivery.**

A carrier is only authorized to deliver goods upon presentation of the genuine bill of lading, and any delivery made with that bill of lading outstanding is at its peril, and renders it liable to the holder of the genuine bill.   (*Post, p.* 507.)

Cases cited and approved:   Bank v. Railroad, .128 Tenn., 530; Railroad v. Fidelity & Guaranty Co., 125 Tenn., 674;   Bigham v. Madison, 103 Tenn., 358;   Callis v. Cogbill, 77 Tenn., 138.

**2.   CARRIERS.   Carriage of goods.   Relief.   Surprise and Imposition.**

Complainant railroad, which delivered a carload of beans to defendant upon his innocent presentation of a false bill of lading made by his principal, after recovery by the holder of the true bill, might recover against the defendant, on the ground that a party's innocent misrepresentation of a material fact by mistake upon which either party is induced to act is ground for relief in equity as a willful and false assertion, which in either case operates as a surprise and imposition.   (*Post, pp.* 507, 508.)

Cases cited and approved:   Phillips v. Hollister, 42 Tenn., 269; Bankhead v. Alloway, 46 Tenn., 56;   Lewis v. McLemore, 18 Tenn., 206.

**3.   CARRIERS.   Carriage of goods.   Relief.   Loss between innocent parties.**

Complainant in such case might recover on the principle that, where one of two innocent parties must suffer, that one by whose act the loss was occasioned must bear it.   (*Post, p.* 508.)

Case cited and approved:   Bank v. Railroad, 128 Tenn., 530.

Louisville & N. R. Co. v. McKay & Morgan.

4. **PRINCIPAL AND AGENT.** Liability of agent of undisclosed principal.

Agent innocently presenting a false bill of lading made by his principal, receiving goods from complainant carrier, and remitting proceeds to his principal, without disclosing his agency to the complainant, *held* personally liable for the goods received. (*Post, pp.* 508, 509.)

Cases cited and approved: Siler v. Perkins, 126 Tenn., 380; Fargason v. Ball, 128 Tenn., 137; Roach v. Turk, 56 Tenn., 708.

5. **CARRIERS.** Delivery of goods. Fraud. Action.

Where a carrier through mistake or fraud has been induced to deliver goods to the wrong person, it may maintain an action against such person for damages. (*Post, pp.* 509, 510.)

Cases cited and approved: Sword v. Young, 89 Tenn., 128; Walker v. L. & N. R. R. Co., 111 Ala., 233.

---

FROM DAVIDSON

---

Appeal from the Chancery Court of Davidson County —John Allison, Chancellor.

Hume & Cornelius, for appellants.

F. M. Bass and Keeble & Seay, for appellee.

Mr. Justice Green delivered the opinion of the Court.

This bill was filed by the Louisville & Nashville Railroad Company to recover from the defendants the value of a car of beans delivered by the complainant to defendants on the faith of a bill of lading which after-

wards turned out to be a forgery. From a decree in favor of complainant, defendants have appealed to this court.

The defendants were merchandise brokers in Nashville, correspondents of the firm of Botsford & Barrett, commission merchants of Detroit. The defendants ordered a car of beans from Botsford & Barrett, and the latter procured a shipment of such car to be made by the Farmers' Grain & Hay Company of Applegate, Michigan. ·The shipment was made by the Farmers' Grain & Hay Company to their own order at Nashville, Tenn., with directions to notify McKay & Morgan.

The usual order notify bill of lading was issued to the Farmers' Grain & Hay Company by the agent of the Pere Marquette Railroad Company at Applegate, Mich., and the shipper attached this bill of lading to a draft made upon Botsford & Barrett at Detroit. This draft was forwarded through the shipper's local bank to a bank in Detroit and presented to Botsford & Barrett, but it was not paid. After being held in Detroit for some time, the draft was returned to the shipper at Applegate, Mich., together with the original bill of lading thereto attached.

Meanwhile the car of beans had been forwarded to Nashville. Botsford & Barrett made up a spurious bill of lading which was attached to a draft on McKay & Morgan and sent on to Nashville for collection. McKay & Morgan refused to pay the draft because it had not been authorized by them. Some telegraphic correspondence was had between the parties in Nash-

ville and the parties in Detroit, and the Nashville bank was directed to release the bill of lading to McKay & Morgan without payment of the draft.

McKay & Morgan took this forged bill of lading to the Louisville & Nashville Railroad Company in Nashville, and upon presentation thereof received the car of beans. They sold the beans to their customers in Nashville and remitted the proceeds to Botsford & Barrett at Detroit.

McKay & Morgan acted innocently in the matter, believing that their bill of lading was genuine. It likewise appears that the Louisville & Nashville Railroad Company thought the bill of lading was genuine, and there is no question but that the railroad company and the defendants both acted in perfect good faith.

As stated above, the draft to which the genuine bill of lading was attached being finally returned to the Farmers' Grain & Hay Company at Applegate, Michigan, that company then undertook to trace the car which had been shipped to Nashville. Upon investigation the facts stated above as to the delivery of the car were ascertained by the shipper at Applegate.

The shipper then brought suit against the Louisville & Nashville Railroad Company in the federal court at Detroit for the value of the contents of the car, and obtained judgment against the railroad company, which the latter paid, taking an assignment of the claim of the shipper to the beans. The suit in Detroit was really settled by the complainant railroad company without any particular fight; it considering that resistance was

useless. The complainant, however, notified the defendants of the claim made against it by the shipper and invited defendants to undertake a settlement of the matter.

Upon the foregoing state of facts the chancellor held that the complainant was entitled to relief and we think his conclusion was correct.

In so far as the shipper's claim was concerned, the complainant railroad company had no defense. . The company was only authorized to deliver this car upon presentation of the genuine bill of lading, and any delivery made with that bill of lading outstanding was at the peril of the company. *Bank* v. *Railroad,* 128 Tenn., 530, 161 S. W., 1144; *Railroad* v. *Fidelity & Guaranty Co.,* 125 Tenn., 674, 148 S. W., 671, and cases cited.

We think no question can be made upon the propriety of the action of complainant in settling the suit of the shipper without contest. Obviously no valid defense could have been interposed to this suit. *Bigham* v. *Madison,* 103 Tenn., 358, 52 S. W., 1074, 47 L. R. A., 267; *Callis* v. *Cogbill,* 9 Lea, 138.

The right of complainant to recover against the defendants in this case may be rested upon well-settled principles of equity jurisprudence.

If a party innocently misrepresents a material fact by mistake upon which another party is induced to act, it is as conclusive a ground for relief in equity as a willful and false assertion; for in either case it operates as a surprise and imposition on the other party. In such case the party must answer for his misrepresenta-

tions, even though innocently made. *Phillips* v. *Hollister*, 42 Tenn., (2 Cold.), 269; *Bankhead* v. *Alloway*, 46 Tenn. (6 Cold.), 56, 75; *Lewis* v. *McLemore*, 18 Tenn. (10 Yerg.), 206.

It cannot be doubted that the defendants would be liable in this case if they had intentionally procured this consignment upon the forged bill of lading, and, under the authorities above cited, it makes no difference that they acted innocently in the matter.

The suit of complainant is likewise maintainable on the principle that, where one of two innocent parties must suffer, he by whose act the loss was occasioned must bear it. This rule is of frequent application in controversies with reference to unauthorized deliveries by carriers. *Bank* v. *Railroad*, 128 Tenn., 530, 161 S. W., 1144, and cases cited.

Defendants did not divulge the fact that they were acting as agents for others when they procured this car of beans from the carrier, and must therefore be held as principals in the transaction. Although they were mere selling agents for Botsford & Barrett and turned over the entire contents of the car to certain Nashville merchants, they did not disclose their principals in their dealings with the carrier, and must be held personably liable. *Siler* v. *Perkins*, 126 Tenn., 380, 149 S. W., 1060, 47 L. R. A. (N. S.), 232, and authorities cited.

Quite an able argument is made in behalf of defendants founded on the cases of *Fargason* v. *Ball*, 128 Tenn., 137, 159 S. W., 221, 50 L. R. A., (N. S.), 51, and *Roach* v. *Turk*, 9 Heisk., 708, 24 Am. Rep., 360.

In these cases it was held that cotton factors at Memphis who received cotton from ostensible owners and sold the cotton and turned the proceeds over to such ostensible owners could not be held as for a conversion by parties in other States who really owned or had mortgage liens on the cotton.

In *Fargason* v. *Ball,* supra, it is recognized that the rule announced in these cases is in conflict with considerable authority, but the court found it necessary to follow *Roach* v. *Turk,* supra, because of the peculiar geographical location of some of our cities, and the fact that the bulk of their business is transacted in other States.   The cotton business at Memphis particularly has attained great proportions and has been conducted on the faith of the law as stated in *Roach* v. *Turk,* supra, and the court was unwilling to adopt a different rule at this late date.

In neither of the cotton factor cases, however did the factor take any active part in procuring the merchandise from the owner's agent.   There was no misrepresentation by the factor, *albeit* innocently made.   Possession was not obtained upon the faith of any forged document presented by the factor, and this case is therefore readily distinguishable from *Fargason* v. *Ball,* and *Roach* v. *Turk,* on its facts.

We do not think it desirable to extend the doctrine of *Roach* v. *Turk,* and *Fargason* v. *Ball,* to cover cases involving such circumstances as are here presented.

The general rule is that, where a carrier has through mistake or fraud been induced to deliver goods to the

wrong person, he may maintain action against such person for damages. *Sword* v. *Young,* 89 Tenn., 128, 14 S. W., 481, 604; *Walker* v. *L. & N. R. R. Co.,* 111 Ala., 233, 20 South., 358; 6 Cyc., 476.

We think it best to adhere to the general rule in the case before us, and the decree of the chancellor is accordingly affirmed.