**Garland D. ANDERSON,**
**Plaintiff–Appellee**

v.

**Michael W. DURBIN and Renovations, Inc., Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 12, 1987.

Application for permission to appeal Denied by Supreme Court July 27, 1987.

Kenneth R. Shuttleworth and Robert L. Sabbatini, Shuttleworth, Smith, Young & Webb, Memphis, for plaintiff-appellee.

James L. Gordon and John W. Leach, Wilson, McRae, Ivy, Sevier, McTyier & Strain, Memphis, for defendants-appellants.

NEARN, Judge (Western Section) (Retired).

In a suit for damages for breach of contract, the Trial Judge, sitting without a jury, awarded plaintiff judgment in the

amount of $20,000.00 against the defendant Michael W. Durbin. No judgment was rendered against the named defendant Renovations, Inc. The defendant Durbin appeals.

Counsel for defendant lists three issues on appeal, viz:

## I

Did the Trial Court err in piercing the corporate veil and/or disregarding the corporate entity?

## II

Is there material evidence sufficient to support the Court's determination that the contract had been breached?

## III

Is there material evidence sufficient to support the Court's determination of the award of damages resulting from such breach of contract?

We believe the first part of the first issue to be a nonissue. In order to determine whether the "corporate veil" should be pierced, we would first have to assume that a corporation was liable. The Trial Judge did not so find. Usually, corporate veils are pierced—that is, the legal entity disregarded and the true owners of the entity held personally liable—when the corporation is liable for the debt but is without funds due to the skullduggery or downright fraud on the part of the directors and officers, who have pillaged the corporate treasury or used the corporation to engage in criminal or quasi-criminal activities. *See Electric Power Board of Chattanooga v. St. Joseph Valley Structural Steel Corp.,* 691 S.W.2d 522 (Tenn.1985). The Trial Judge found no corporate liability, and in his oral findings of facts stated that the plaintiff's dealings were with the defendant Durbin in his personal capacity and were not with any corporation. Hence, the first issue is whether the evidence preponderates against same.

Since this is a non-jury trial, a "material evidence" review is not proper. Our review is much broader. We must review the record to see if the evidence preponderates against the facts as found by the Trial Judge. Rule 13(d), T.R.A.P. Accordingly, the second and third issues will also be considered as preponderance issues and we will review the record to determine if the evidence preponderates against the findings of breach and damages.

We first consider the issue of the alleged corporate status of the defendant.

Plaintiff purchased a large older home and desired its extensive renovation. He had conversations with Michael W. Durbin regarding such a renovation. A written proposal was submitted to plaintiff by Michael W. Durbin.

Plaintiff testified that Durbin never orally represented himself as having any corporate status and that he never knew of such alleged status until after the parties had their dispute over the quality of the workmanship and alleged breach by Durbin. The defendant Durbin in his testimony did not contradict the plaintiff's testimony that he, Durbin, never mentioned either before or during the negotiations that he was an agent for a corporation. Therefore, as we see matters, in order for appellant to prevail on this point, we must find that other proof, either written or oral, preponderates in favor of a finding that plaintiff knew or was bound to know that he was dealing with Durbin as an agent for a corporation at the time the agreement was struck. This is so because the rule holds that if an agent fails to reveal his true status as agent, he is bound as principal. *Louisville & Nashville R. Co. v. McKay & Morgan,* 133 Tenn. 503, 182 S.W. 585 (1916).

It is a fact that Durbin possesses a corporate charter in the name of RENOVATIONS BY MICHAEL W. DURBIN, INCORPORATED. It is also a fact that such corporate name appears nowhere on any of the documentary evidence submitted in this case except on the corporate charter itself. Trial Exhibit 3 consists of a general proposal to perform "Renovation work as per work order proposal" for the sum of $166,400.00 with "draws" every Thursday. Trial Exhibit 2 is the detailed work order proposal referred to in Trial Exhibit 3. The general proposal reads:

FROM Renovations, Inc.
Michael W. Durbin
1940 Harbert
Memphis, Tenn.

and is submitted to the plaintiffs at the property address. In other pertinent part it provides: "We hereby propose to furnish all the materials...." In another part it provides: "Workmen's Compensation and Public Liability Insurance on above work to be taken out by Renovations, Inc." The proposal closes with "Respectfully submitted Michael W. Durbin" (signature), with a line thereunder preceded by the printed word "Per" followed by a line with absolutely nothing on it. The detailed proposal as typed on the cover page:

Renovations

by

Michael W. Durbin

Attached to the detailed proposal is a copy of a certificate of insurance issued by the Glens Falls Insurance Company indicating general liability coverage for "Michael W. Durbin Renovations."

Plaintiff testified, without contradiction, that after Durbin began the work, he erected a sign in the front yard of the premises showing that the work was being performed by "Renovations by Michael W. Durbin." Additionally, none of the numerous "draw" checks given by plaintiff to defendant bears any hint of a deposit to a corporate account. Other than the checks made out directly to Durbin's subcontractors, they are all made out by the plaintiff either to "Michael Durbin" or "Mike Durbin."

As may now be seen, the only thing that could possibly be considered as a revelation by the agent that he was acting for a corporation is the general proposal and only because it has the abbreviation "Inc." on it in two places. Where the instrument provides "FROM Renovations, Inc.—Michael W. Durbin," it could be construed as being from both Renovations, Inc. (whatever that is, for there is no such named corporation) and Michael W. Durbin, especially in view of the provision that "*we hereby propose*" etc. (emphasis ours); or, it could be construed that Renovations is only

to pay the insurance premiums. In any event, we can hardly see how, under these circumstances, a general proposal would bind a corporation, without more being shown, as on its face, no one has purported to sign the proposal as agent or officer of a corporation. Clearly, the proposal is submitted by Michael W. Durbin with no qualifying provisions whatsoever.

The evidence preponderates in favor of the finding of the Trial Judge that "the plaintiff contracted with Mr. Durbin in his individual capacity."

The first issue is found in favor of the appellee.

We have examined the record as required and further find that the evidence does not preponderate against the findings of the Trial Judge as to either the fact of defendant Durbin's breach of the contract or of the amount of damages suffered by plaintiff. The second and third issues are found without merit.

The result is that the judgment below of $20,000.00 and costs against the defendant Durbin, individually, is affirmed, with costs of appeal adjudged against appellant and surety.

TOMLIN, P.J., W.S., and CRAWFORD, J., concur.