IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 3, 2000 Session

# LINDSEY, BRADLEY & MALOY v. MEDIA MARKETING SYSTEMS, INC., ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 98C1537     Samuel H. Payne, Judge**

**FILED DECEMBER 15, 2000**

**No. E2000-00678-COA-R3-CV**

This appeal involves a grant of summary judgment to Defendant Sam Cooper, the sole shareholder, president and CEO of his co-defendant, Media Marketing Systems, Inc. Lindsey, Bradley & Maloy ("Plaintiff") brought suit against Sam Cooper and Media Marketing for breach of contract stemming from an agreement between Plaintiff and Media Marketing. Plaintiff sought to pierce Media Marketing's corporate veil so as to render Defendant personally liable for the debt owed under the agreement. Plaintiff also made claims against Defendant for his alleged individual tortious conduct related to the agreement. Both Plaintiff and Defendant filed motions for summary judgment. The Trial Court denied Plaintiff's motion but granted Defendant's motion. Plaintiff appeals and argues that it is entitled to summary judgment on the issue of whether Media Marketing's corporate veil should be pierced due to Defendant's conduct. Plaintiff also contends that Defendant should not have been granted summary judgment because there are genuine issues of material fact. We reverse in part and affirm in part.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in part and Reversed in part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Elizabeth B. Donnovin, Chattanooga, Tennessee, for the Appellant, Lindsey, Bradley & Maloy.

Gary R. Patrick, Chattanooga, Tennessee, for the Appellee, Sam Cooper.

1

# OPINION

## Background

This lawsuit involves claims for breach of contract, negligent misrepresentation, fraud, and violation of the Tennessee Consumer Protection Act, all of which stem from a contract ("Agreement") for marketing communications and public relations services. Lindsey, Bradley & Maloy ("Plaintiff") brought breach of contract claims against Media Marketing Systems, Inc., ("Media Marketing") and its sole shareholder, president and CEO, Sam Cooper ("Defendant"). Plaintiff also sued Defendant for negligent misrepresentation, fraud and violation of the Tennessee Consumer Act. Plaintiff claims that Media Marketing and Defendant owe Plaintiff money for work Plaintiff performed under the Agreement. Plaintiff also seeks to pierce the corporate veil of Media Marketing so as to render Defendant personally liable for damages owed by Media Marketing.

In July, 1997, Plaintiff and Media Marketing entered into the Agreement by which Plaintiff was to provide marketing communications and public relations services to Media Marketing for a term of one year. The Agreement, in pertinent part, provides as follows:

> This agreement, for the Agency to provide professional marketing communications services to market the Client and/or certain of the Client's products and/or services, is made as of July 12, 1997, between Media Marketing Systems, Inc., (the Client); and Lindsey [sic] Bradley & Maloy, a Tennessee corporation, with its principal office in Chattanooga, Tennessee (the Agency).

The Agreement was executed by the parties as follows:

ATTEST BY:      Sam Cooper
Media Marketing Systems, Inc.
2510 S. Germantown Road
Germantown, TN 38138
SIGNATURE:    <u>Sam Cooper</u>

ATTEST BY (only one Agency signature necessary to bind
      agreement for Agency):
* * * * * * * * * * *    Ned Barnett
Senior Vice President
Lindsey Bradley & Maloy
2875 Nellis Blvd., Suite A8-42
Las Vegas, NV 89121
SIGNATURE: <u>Ned Barnett</u>
7/12/97

Plaintiff contends that during negotiations between Plaintiff and Media Marketing, Defendant represented that Media Marketing had $50 million in media commitments. Defendant denies making this representation, but instead maintains that he advised Plaintiff that Media Capital Fund, a separate entity, had secured those media commitments.

Twelve days after the Agreement was executed, Media Marketing filed a bankruptcy petition under Chapter 11, for reorganization. Shortly thereafter, in August 1997, the State of Tennessee administratively dissolved Media Marketing for failure to file its annual report. Plaintiff contends that Defendant did not inform it of Media Marketing's dissolution. Defendant contends that he did not realize that the dissolution had occurred. Nevertheless, Defendant does not dispute that he continued to operate Media Marketing as a business. In October, 1997, Media Marketing converted its bankruptcy status to Chapter 7, or liquidation. It is disputed whether Defendant notified Plaintiff about Media Marketing's bankruptcy. The record on appeal shows that Media Marketing did not list Plaintiff as a creditor in its bankruptcy filings. Thereafter, Media Marketing ceased its operations. Plaintiff contends that it, unaware of the dissolution and bankruptcy, continued to perform work pursuant to the Agreement until May 1998.

Soon after the Agreement's execution, Media Marketing became delinquent on its account. In response to Plaintiff's requests for payment, Defendant assured Plaintiff that Media Marketing would quickly pay its arrearage. After experiencing repeated difficulties in receiving payment, Plaintiff cancelled the Agreement in July 1998. Defendant agrees that the now-defunct Media Marketing owes Plaintiff a portion of the claimed damages for services performed by Plaintiff under the Agreement.

Defendant and Plaintiff filed cross motions for summary judgment. The Trial Court granted Defendant's motion, dismissing Defendant from the lawsuit, and denied Plaintiff's motion. Thereafter, the Trial Court entered an Order of Dismissal of Plaintiff's claims against Media Marketing for failure to prosecute. Plaintiff appeals the Trial Court's granting of summary judgment to Defendant and denial of Plaintiff's motion

**<u>Discussion</u>**

On appeal, Plaintiff contends that the Trial Court erred in granting summary judgment to Defendant and denying Plaintiff's motion. While not specifically stated as such, Plaintiff raises the following issues: 1) the Trial Court erred in granting summary judgment to Defendant because there exist numerous genuine issues of material fact which precludes summary judgment in favor of Defendant; and 2) Defendant subjected himself to personal liability by his actions. Plaintiff also contends that it is entitled to summary judgment on the issue of whether the corporate veil of Media Marketing should be pierced so as to make Defendant liable. Plaintiff bases this argument upon the following: 1) Defendant negligently or fraudulently misrepresented the financial status of Media Marketing during the negotiations with Plaintiff; 2) Defendant violated a statutory duty to Plaintiff by continuing Media Marketing's business after the administrative dissolution by the Secretary of State and by failing to notify Plaintiff of the dissolution, *see* Tenn. Code Ann. §§ 48-24-202(c); 48-

24-106(b); and 3) Defendant used Media Marketing's corporate form and its bankruptcy to escape the debt owed under the Agreement.

Defendant does not dispute the Trial Court's granting of summary judgment to him and argues that the corporate veil of Media Marketing should not be pierced so as to render Defendant liable for the debt owed by Media Marketing to Plaintiff. Defendant agrees that Media Marketing owes some money to Plaintiff for work Plaintiff performed under the Agreement.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.0[4] provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "'must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999) (quoting *Byrd v. Hall*, 847 S.W.2d at 211).

The issue of whether to pierce the corporate veil is not generally suitable for summary judgment. *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 795 (Tenn. 1996); *Electric Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985). Courts pierce the corporate veil, or disregard the corporate entity, to find the "true owners of the entity. . . liable when the corporation is liable for a debt but is without funds due to some misconduct on the part of the officers and directors." *Muroll Gesellschaft M.B.H. v. Tennessee Tape, Inc.*, 908 S.W.2d 211, 213 (Tenn. Ct. App. 1995) (citing *Anderson v. Durbin*, 740 S.W.2d 417 (Tenn. Ct. App. 1987)). When faced with the issue of piercing the corporate veil, courts should proceed with caution. *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn. Ct. App. 1991) (quoting 18 Am.Jur.2d Corporations, § 43, [at] 842, [n.] 79, 80, 81) (stating that "the principle of piercing the fiction of the corporate veil is to be applied with great caution and not precipitately, since there is a presumption of corporate regularity"). This Court in *Schlater v. Haynie*, discussed the issue of piercing the corporate veil as follows:

> Each case involving disregard of the corporate entity must rest upon its special facts. Generally, no one factor is conclusive in determining whether or not to disregard a corporate entity; usually a combination of factors is present in a particular case and is relied upon to resolve the issue. 18 Am.Jur.2d Corporations, § 48, [at] 847, [n.] 41 and 42.

> Even though corporate formalities have been observed, one may still challenge the corporate entity by showing that he has been the victim of some basically unfair device by which the corporate form of business organization has been used to achieve an inequitable result . . . . 18 Am.Jur.2d Corporations, § 48, [at] 851, [n.] 60 [and] 61.

> While generally, a corporation will be looked on as a legal entity, . . . the corporate fiction will be disregarded and the corporate veil pierced in appropriate, special, unusual, or compelling circumstances,

5

as where sufficient reason to the contrary appears, where the corporation is created or used for an improper purpose, or where the corporate form has been abused, as when used to an end subversive of the corporation's policy. In such cases, courts will disregard the corporate entity and deal with substance rather than form, as though the corporation did not exist . . . . 18 C.J.S. Corporations § 9, [at] 274, 275.

*Schlater v. Haynie*, 833 S.W.2d at 925.

In this matter, the record on appeal contains genuine issues of material fact related to Plaintiff's claims against Defendant which are dependent upon the piercing of Media Marketing's corporate veil as well as those claims based upon Defendant's alleged individual tortious conduct. *See American Cable Corp. v. ACI Mgmt., Inc.*, No. M1997-00280-COA-R3-CV, 2000 WL 1291265, at * 3 (Tenn. Ct. App. Sept. 14, 2000). Some of these disputed issues are: 1) whether during his negotiations with Plaintiff, Defendant made misrepresentations regarding Media Marketing's financial status and was aware of Media Marketing's forthcoming bankruptcy; 2) whether Defendant notified Plaintiff of Media Marketing's bankruptcy; 3) whether Defendant executed the Agreement in his personal capacity; 4) whether Defendant was aware of the administrative dissolution of Media Marketing by the Secretary of State, and if so, when he obtained this information and whether he notified Plaintiff; and 5) whether Defendant used Media Marketing's corporate form to obtain advertising and public relations services from Plaintiff for another business entity. These factual issues, and others, must be resolved by the Trial Court before it can decide whether the circumstances presented by this matter warrant piercing Media Marketing's corporate veil so as to render Defendant personally liable under that theory. The Trial Court must consider the numerous factors presented by this case in determining whether to disregard Media Marketing's corporate form. *See Schlater,* 833 S.W.2d at 925 (citations omitted).

A fair reading of the complaint shows that the Plaintiff alleges claims against Defendant for his individual tortious conduct as well as claims which are dependent upon the piercing of Media Marketing's corporate veil. It appears from the record on appeal that very little was presented regarding Plaintiff's allegations regarding Defendant's own tortious conduct. Nevertheless, the record shows that there are numerous genuine issues of material fact, and as a result, we hold that the Trial Court erred in granting summary judgment to Defendant. *See* Tenn. R. Civ. P. 56.04; *Staples*, 15 S.W.3d at 88 (citations omitted). Summary judgment in favor of Defendant is prohibited by the genuine issues of material facts, as discussed, related to Plaintiff's claims against Defendant for his alleged individual tortious conduct. Because of our finding that there exist numerous genuine issues of material fact, we do not find error in the Trial Court's denial of summary judgment to Plaintiff.

Furthermore, we also hold that Defendant's affidavit proffered in support of his motion for summary judgment was not sufficient to warrant a grant of summary judgment to Defendant. *See Staples,* 15 S.W.3d at 88-89 (citations omitted); *Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 WL 1036362, at * 2 (Tenn. Ct. App. July 28, 2000). Defendant's affidavit is

primarily composed of blanket denials of Plaintiff's factual claims and fails to negate an essential element of Plaintiff's claim. *See Madison*, 2000 WL 1036362, at *2 (holding that "[m]aterial supporting a motion for summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must negate that element"). Accordingly, we hold that the Trial Court erred in granting summary judgment to Defendant. *See* Tenn. R. Civ. P. 56.04. We find no error in the Trial Court's denial of Plaintiff's motion for summary judgment.

## **Conclusion**

The judgment of the Trial Court granting Defendant summary judgment is reversed. The order of the Trial Court denying Plaintiff summary judgment is affirmed. This matter is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the Appellee, Sam Cooper.

_____
D. MICHAEL SWINEY, JUDGE